Michele Floyd (SBN 163031)
KILPATRICK TOWNSEND & STOCKTON LLP
2 Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 273-4756
Email: mfloyd@ktslaw.com

Joseph R. Oliveri*
Steven J. Harrison*
CLARE LOCKE LLP
10 Prince Street
Alexandra, VA 22314
Telephone: (202) 628-7400
Email: joe@clarelocke.com
Email: steven@clarelocke.com
*Pro Hac Vice

*Attorneys for Applicant Gregory Gliner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>Gregory Gliner,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings | CASE NO. 3:24-MC-80087-JD<br><br>**GREGORY GLINER'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e) TO ALTER OR AMEND AND RECONSIDER THE COURT'S ORDER AND JUDGMENT DENYING HIS APPLICATION UNDER 28 U.S.C. § 1782** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

LEGAL STANDARD .................................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

I.    The First Amendment Is Not Implicated by Mr. Gliner's Application Because There Is No Indication That the Anonymous Publisher Is a U.S. Citizen or Located in the United States So As to Have First Amendment Rights. ................................................................. 3

II.    The First Amendment Is Not Implicated by Mr. Gliner's Application Because He Pled (in Detail, with Supporting Evidence) That the PoliticalLore.com Article Is False and Defamatory, and the First Amendment Does Not Protect Defamatory Speech. .................. 5

CONCLUSION ............................................................................................................................... 7

FILER ATTESTATION ................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*,
  591 U.S. 430 (2020) .................................................................................................... 2, 3

*Allstate Ins. Co. v. Herron*,
  634 F.3d 1101 (9th Cir. 2011) ........................................................................................ 3

*Ashcroft v. Free Speech Coal.*,
  535 U.S. 234 (2002) ..................................................................................................... 2, 6

*Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.*,
  690 F.2d 1240 (9th Cir. 1982) ........................................................................................ 3

*CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*,
  34 F.4th 801 (9th Cir. 2022) ........................................................................................... 1

*CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*,
  No. 21-mc-80091, 2023 WL 8604197 (N.D. Cal. Oct. 11, 2023) .................................. 2

*Felton v. Griffin*,
  185 F. App'x 700 (9th Cir. 2006) ................................................................................... 6

*Hey, Inc. v. Twitter, Inc.*,
  No. 22-mc-80034, 2023 WL 3874022 (N.D. Cal. June 6, 2023) ................................ 4, 6

*Highfields Cap. Mgmt., L.P. v. Doe*,
  385 F. Supp. 2d 969 (N.D. Cal. 2005) ............................................................................ 6

*In re Anahara*,
  No. 22-mc-80063, 2022 WL 783896 (N.D. Cal. Mar. 15, 2022) ................................... 5

*In re Anonymous Online Speakers*,
  661 F.3d 1168 (9th Cir. 2011) ........................................................................................ 7

*In re Application of Pioneer Corp.*,
  No. 18-cv-4524, 2018 WL 4963126 (N.D. Cal. Aug. 27, 2018) .................................... 2

*In re Ex Parte Application of Takada*,
  No. 22-mc-80221, 2023 WL 1452080 (N.D. Cal. Feb. 1, 2023) ....................... 2, 3, 4, 5, 6

*In re Ex Parte Application of Team Co.*,
  No. 22-mc-80183, 2023 WL 1442886 (N.D. Cal. Feb. 1, 2023) .................................. 4, 6

*In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp.*,
  337 F.R.D. 639 (N.D. Cal. 2020) .................................................................................... 7

*Intel Corp. v. Advanced Miro Devices, Inc.*,
  542 U.S. 241 (2004) ........................................................................................................ 4

*Milkovich v. Lorain J. Co.*,
  497 U.S. 1 (1990) ............................................................................................................ 6

*Rosenblatt v. Baer*,
   383 U.S. 75 (1966) .................................................................................................................. 6

*Rupert v. Bond*,
   No. 12-cv-5292, 2015 WL 78739 (N.D. Cal. Jan. 6, 2015) .......................................................... 3

*Takagi v. Twitter, Inc.*,
   No. 22-mc-80240, 2023 WL 1442893 (N.D. Cal. Feb. 1, 2023) ............................................ 4, 6

*United States v. Meta Platforms, Inc.*,
   No. 23-mc-80249, 2023 WL 8438579 (N.D. Cal. Dec. 5, 2023) ........................................ 2, 4, 5

*United States v. Stevens*,
   559 U.S. 460 (2010) .................................................................................................................. 6

*Zuru Inc. v. Glassdoor, Inc.*,
   614 F. Supp. 3d 697 (N.D. Cal. 2022 ............................................................................... 2, 4, 6, 7

**Statutes**

28 U.S.C. § 1782 ..................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 59 .................................................................................................................... 2

Local Rule 7-9 ..................................................................................................................... 2, 3

**INTRODUCTION**

Gregory Gliner, a dual U.K. and U.S. citizen who lives in the United Kingdom, brought his Application under 28 U.S.C. § 1782 to obtain discovery from Dynadot, Inc., the host and registrant of the website PoliticalLore.com, for use in a forthcoming defamation lawsuit in the United Kingdom. (Mem. 1-6.)[1]  Against the background of contentious litigation in the United Kingdom in which Mr. Gliner's wife's claims to her late father's wealth were challenged by Russian-backed interests, an "article" was published under a pseudonym on the website PoliticalLore.com that falsely accused Mr. Gliner of criminal activity, including embezzlement and theft. (*Id.* at 3-5.) "PoliticalLore.com bears all the hallmarks of a disinformation website—not a legitimate news site," including the fact that "[a]lmost all of the articles ... are Russian-centric, exhibit poor English, [] contain over-the-top anti-Western rhetoric," and appear to be "paid-for." (*Id.* at 4 n.4.)

Mr. Gliner plans to sue the publisher(s) of that article for defamation in the United Kingdom, but do to so he must identify them. (*Id.* at 5-7.) Dynadot, as the registrant of PoliticalLore.com, almost certainly possesses documents that will lead to the publisher(s)' identity(ies), as Dynadot requires people who use its services to "provide ... accurate and reliable contact details." (*Id.* at 6.) Thus, Mr. Gliner brought the instant Application.

On May 28, 2024, the Court entered a one-paragraph Minute Order denying Mr. Gliner's Application. The Court did so on the ground that:

> Gliner's application does not address why disclosure of the website operator and author's identities would be justified or appropriate in light of their First Amendment interests.

(Minute Order (May 28, 2024) [Dkt. 11].)

Mr. Gliner respectfully moves under Federal Rule of Civil Procedure 59(e) to alter or amend and reconsider that judgment.[2]  As explained below, relief is warranted because Court's holding

---

[1] Gregory Gliner's Mem. in Supp. of His *Ex Parte* Appl. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Disc. for Use in Foreign Proceedings (Apr. 11, 2024) [Dkt. 1-1].

[2] Because the denial of a Section 1782 Application by a District Judge is a final, appealable order and not an interlocutory order, *see CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 806 (9th Cir. 2022), courts in this District have held that Rule 59(e) (or Rule 60)—not Local Rule 7-9—"is the appropriate procedural mechanism through which to seek reconsideration of a court order on a Section 1782 petition," *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, No. 21-mc-80091, 2023 WL

constitutes a manifest error of law and fact and, separately, because the denial of Mr. Gliner's Application would work a manifest injustice.

As explained below, disclosure of the identity of the publisher(s) of the defamatory PoliticalLore.com article would not infringe any First Amendment interests because, under controlling precedent:

1. "[F]oreign citizens outside U.S. territory do not possess rights under the U.S. Constitution," *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020), and "where the record does not indicate that anonymous speakers are entitled to First Amendment protections, U.S. free-speech principles should not factor into a federal district court's evaluation of a § 1782 application," *United States v. Meta Platforms, Inc.*, No. 23-mc-80249, 2023 WL 8438579, at *6 (N.D. Cal. Dec. 5, 2023); *accord In re Ex Parte Application of Takada*, No. 22-mc-80221, 2023 WL 1452080, at *4 (N.D. Cal. Feb. 1, 2023) (cited at Mem. 8, 14); and

2. Mr. Gliner pled (in detail, with supporting evidence) that the anonymous publisher(s)' statements are defamatory, and "freedom of speech ... does not embrace certain categories of speech, including defamation." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245-46 (2002); *see also Zuru Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 706 (N.D. Cal. 2022) (denying motion to quash Section 1782 subpoena).

Accordingly, Mr. Gliner respectfully requests that the Court grant this Motion, vacate its Minute Order denying his Section 1782 Application, and grant the Application. Dynadot and the article's publisher(s) (through counsel) will, of course, have the opportunity to raise any applicable defenses (including any applicable First Amendment defenses) in support of a motion to quash.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Relief under Rule 59(e) is appropriate (1) "to correct manifest errors of law or fact upon which the judgment rests"; (2) "to present newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) in light of "an intervening change in controlling law." *Allstate Ins. Co.*

---

8604197, at *2 n.3 (N.D. Cal. Oct. 11, 2023); *In re Application of Pioneer Corp.*, No. 18-cv-4524, 2018 WL 4963126, at *1 (N.D. Cal. Aug. 27, 2018) (similar); *see also Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) (motion for reconsideration of final order is a Rule 59(e) motion). To the extent this Court disagrees, Mr. Gliner respectfully moves for leave of Court under Local Rule 7-9 to file this Motion and respectfully submits that the Local Rule 7-9 standard is satisfied for the same reason the Federal Rule of Civil Procedure 59(e) standard is satisfied.

*v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "A court considering a Rule 59(e) motion is not limited merely to these four situations," and although Rule 59(e) relief is often referred to as "an extraordinary remedy," district courts "enjoy[] considerable discretion" to grant Rule 59(e) motions." *Id.*; *see also Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1249 (9th Cir. 1982) ("Errors in the trial court may be most speedily corrected by the trial judge. ... A motion for reconsideration may ... avoid the necessity of an appeal.").[3] As relevant here, "manifest errors of law" include the "misapplication, or failure to recognize controlling precedent on the part of the court." *Rupert v. Bond*, No. 12-cv-5292, 2015 WL 78739, at *2 (N.D. Cal. Jan. 6, 2015).

## ARGUMENT

**I.    The First Amendment Is Not Implicated by Mr. Gliner's Application Because There Is No Indication That the Anonymous Publisher Is a U.S. Citizen or Located in the United States So As to Have First Amendment Rights.**

The Court's denial of Mr. Gliner's Application on the ground that it did "not address why disclosure of the website operator and author's identities would be justified or appropriate in light of their First Amendment interests" constitutes a manifest error of law because there is no indication that the publisher of the defamatory article has any connection to the United States, and, under settled precedent, foreign citizens outside the United States have no First Amendment rights such that U.S. free-speech principles do not factor into the evaluation of a Section 1782 application.

U.S. Supreme Court precedent is clear: Although "U.S. citizens, whether inside or outside U.S. territory, possess First Amendment rights," *In re Ex Parte Application of Takada*, No. 22-mc-80221, 2023 WL 1452080, at *3 (N.D. Cal. Feb. 1, 2023), "it is long settled as a matter of American constitutional law that foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution." *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020). In light of this precedent, courts in this District have repeatedly held that "where the record does not indicate that anonymous speakers are entitled to First Amendment protections, U.S. free-

---

[3] Although inapplicable here, Local Rule 7-9 provides for reconsideration (of interlocutory orders) where there has been "[a] manifest failure by the Court to consider material facts or dispositive legal arguments." Local Rule 7-9(b)(3).

1  speech principles should not factor into a federal district court's evaluation of a § 1782 application."
2  *United States v. Meta Platforms, Inc.*, No. 23-mc-80249, 2023 WL 8438579, at *6 (N.D. Cal.
3  Dec. 5, 2023); *accord, e.g.*, *Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80034, 2023 WL 3874022, at *3
4  (N.D. Cal. June 6, 2023) (same); *In re Takada*, 2023 WL 1452080, at *3-4 (same); *Takagi v.
5  Twitter, Inc.*, No. 22-mc-80240, 2023 WL 1442893, at *3 (N.D. Cal. Feb. 1, 2023) (same); *In re
6  Ex Parte Application of Team Co.*, No. 22-mc-80183, 2023 WL 1442886, at *3-4 (N.D. Cal. Feb.
7  1, 2023) (same); *Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 706-08 & n.6 (N.D. Cal. 2022)
8  (same; admonishing that "the Supreme Court has made clear that [Section 1782] does *not* require
9  the applicant to show 'that United States law would allow discovery in domestic litigation
10 analogous to the foreign proceeding'" (emphasis in *Zuru*; quoting *Intel Corp. v. Advanced Miro
11 Devices, Inc.*, 542 U.S. 241, 263 (2004))).

12        As explained in *Takada*, "[s]imply assuming First Amendment protection applies, in the
13 absence of any facts or circumstances suggesting that it does, is inconsistent with *Intel*'s caution
14 against evaluating an anticipated foreign proceeding through the lens of the nearest domestic
15 analog." *Takada*, 2023 WL 1452080, at *4 (cited at Mem. 8, 14); *accord Team Co.*, 2023 WL
16 1442886, at *3; *Takagi*, 2023 WL 1442893, at *4.  That is the law notwithstanding the fact that
17 "the First Amendment is reflective of a general public policy of the United States in favor of
18 freedom of speech worldwide" and the fact that "given the borderless nature of the Internet, there
19 exists at least the potential that such public policy could be implicated in a case involving online
20 speech." *Meta Platforms*, 2023 WL 8438579, at *6; *see also Zuru*, 614 F. Supp. 3d at 706-08
21 (expressly rejecting the argument that courts should generally "still consider First Amendment free-
22 speech principles" when there is no indication that the anonymous speakers have First Amendment
23 rights, and admonishing that "there's good reason to tread lightly in applying U.S. free-speech
24 principles abroad"); *Takada*, 2023 WL 1452080, at *3 (There is "no authority for the expansive
25 proposition that anonymous speech implicates First Amendment protections if that speech is merely
26 *accessible* to U.S. citizens over the Internet.").

27        The Court wholesale disregarded or failed to recognize this precedent in its Minute Order,
28 and the straightforward application of that precedent compels the conclusion that the publisher(s)

of the challenged PoliticalLore.com article do not have First Amendment interests that could be implicated by disclosure of their identities. As in *Meta Platforms*, *Hey*, *Takagi*, *Takada*, *Team Co.*, *Zuru*, and similar cases, there is no evidence or indication that the publisher(s) of the defamatory PoliticalLore.com article is a U.S. citizen or is located in the United States. And what's more, there are affirmative indications that the publisher(s) is not a U.S. citizen and is not located in the United States. As explained in the Memorandum in Support of Mr. Gliner's Application, the defamatory PoliticalLore.com article was published amidst contentious litigation in the United Kingdom in which Mr. Gliner's wife's claims to her late father's wealth were challenged by Russian-backed interests, and PoliticalLore.com bears all the hallmarks of an anti-U.S. disinformation website, as "[a]lmost all of the articles ... are Russian-centric, exhibit poor English, [] contain over-the-top anti-Western rhetoric," and appear to be "paid-for." (Mem. at 3-5 & n.4.)

As such, was it manifest error and "inconsistent with *Intel*[]" for the Court to "[s]imply assum[e] First Amendment protection applies, in the absence of any facts or circumstances suggesting that it does." *Takada*, 2023 WL 1452080, at *3. The First Amendment does not apply here, and the Application should be granted.

To the extent the Court may remain concerned about the publisher(s) of the PoliticalLore.com article potentially having First Amendment rights, the proper course is not to deny the Application based on that mere possibility, but rather to grant it "without prejudice to any such [First Amendment] argument that might be raised in a motion to quash" by Dynadot or those publisher(s), who could raise that argument through counsel while maintaining their anonymity. *In re Anahara*, No. 22-mc-80063, 2022 WL 783896, at *5 n.1 (N.D. Cal. Mar. 15, 2022); *accord Meta Platforms*, 2023 WL 8438579, at *6.

**II.    The First Amendment Is Not Implicated by Mr. Gliner's Application Because He Pled (in Detail, with Supporting Evidence) That the PoliticalLore.com Article Is False and Defamatory, and the First Amendment Does Not Protect Defamatory Speech.**

The Court's denial of Mr. Gliner's Application on the ground that it did "not address why disclosure of the website operator and author's identities would be justified or appropriate in light of their First Amendment interests" also constitutes a manifest error of law for the separate reason that Mr. Gliner pled that the author/operator's speech was defamatory (and even proffered

supporting evidence) and, under settled precedent, defamatory speech is not entitled to First Amendment protection.

Again, U.S. Supreme Court precedent is clear: "The freedom of speech has its limits; it does not embrace certain categories of speech, including defamation." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245-46 (2002); *accord United States v. Stevens*, 559 U.S. 460, 468 (2010) ("From 1791 to the present ... the First Amendment has permitted restrictions upon the content of speech in a few limited areas, ... including ... defamation."); *Felton v. Griffin*, 185 F. App'x 700, 701 (9th Cir. 2006) ("The First Amendment does not protect slander."). The Court has "regularly acknowledged the 'important social values which underlie the law of defamation,' and recognized that '[s]ociety has a pervasive and strong interest in preventing and redressing attacks upon reputation.'" *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 22-23 (1990) (quoting *Rosenblatt v. Baer*, 383 U.S. 75, 86 (1966))). In light of that law, courts in this District have repeatedly rejected the argument that the First Amendment shields the identities of publishers of defamatory statements when discovery is sought under Section 1782. *E.g.*, *Zuru*, 614 F. Supp. 3d at 706-08; *Hey*, 2023 WL 3874022, at *5; *Takada*, 2023 WL 1452080, at *5-6; *Takagi*, 2023 WL 1442893, at *5-6; *Team Co.*, 2023 WL 1442886, at *5-6.

So, too, here. Mr. Gliner has not simply alleged that the statements anonymously published in the PoliticalLore.com article are defamatory—which is all that is necessary when there is no indication that the anonymous defamer is a U.S. citizen or is located in the United States[4]—he has done much more. Mr. Gliner submitted actual evidence to establish "a real evidentiary basis" for his defamation claims so as to satisfy even the standard in *Highfields Capital Management, L.P. v. Doe*, 385 F. Supp. 2d 969, 975 (N.D. Cal. 2005), that "[s]ome courts" have applied to ensure First Amendment interests are protected in cases involving the unmasking of U.S. citizen anonymous speakers. *Zuru*, 614 F. Supp. 3d at 706 & n.6. Mr. Gliner has not merely alleged that the challenged

---

[4] As courts in this District have repeatedly held, under these circumstances an applicant "need only describe the legal and factual bases for a contemplated foreign legal proceeding, and [] explain how the discovery the applicant seeks will aid in prosecution of that proceeding." *Takada*, 2023 WL 1452080, at *5-6; *accord Takagi*, 2023 WL 1442893, at *3; *Team Co.*, 2023 WL 1442886, at *5-6. At most, courts "take a peek at the merits" to ensure the contemplated lawsuit is "legitimate." *Zuru*, 614 F. Supp. 3d at 706-08.

statements in the PolitcalLore.com article are false and defamatory; he has declared under penalty of perjury that they are false (Gliner Decl. ¶¶ 12-14)[5] and submitted a declaration (also under penalty of perjury) from an English solicitor explaining how "[t]he Article is defamatory of Mr. Gliner under English law" (Whiston-Dew Decl. ¶¶ 13-16).[6]

That is competent evidence sufficient to establish a "real evidentiary basis" for Mr. Gliner's defamation claims and render inapplicable any potential countervailing First Amendment interests. *See Zuru*, 614 F. Supp. 3d at 706. Indeed, even if such interests could apply (they do not, as discussed herein), they are "'not unlimited,' and competing interests, including [Mr. Gliner's] interest in protecting his reputation against falsehoods," (*i.e.*, via defamation claims), "outweigh an anonymous speaker's free-speech rights." *Id.* (quoting *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011); citing *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp.*, 337 F.R.D. 639, 646 (N.D. Cal. 2020) (The First Amendment "does not protect tortious, defamatory, or libelous speech.")).

The Court manifestly erred by holding otherwise, and its denial of Mr. Gliner's Application on that basis has worked a manifest injustice by depriving Mr. Gliner of discovery to which he is legally entitled that is necessary for him to pursue his U.K. defamation claims and protect his rights.

### **CONCLUSION**

For the foregoing reasons, Mr. Gliner respectfully requests that the Court grant his Motion to Alter or Amend and Reconsider, vacate its Minute Order denying his Section 1782 Application, and grant the Application subject to the subsequent resolution of any appropriately-filed motion to quash.

---

[5] Decl. of Gregory D. Gliner in Supp. of His *Ex Parte* Appl. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Disc. for Use in Foreign Proceedings (Apr. 11, 2024) [Dkt. 1-4].

[6] Decl. of Alexandra Whiston-Dew in Supp. of Gregory Gliner's *Ex Parte* Appl. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Disc. for Use in Foreign Proceedings (Apr. 11, 2024) [Dkt. 1-7].

| | | |
|---|---|---|
| Dated: June 7, 2024 | KILPATRICK TOWNSEND & STOCKTON LLP | |
| | By: | */s/ Michele Floyd*<br>Michele Floyd (SBN 163031) |
| | CLARE LOCKE LLP | |
| | By: | */s/ Joseph R. Oliveri*<br>Joseph R. Oliveri* (DC Bar No. 994029)<br>*Pro Hac Vice* |

*Attorneys for Applicant Gregory Gliner*

**FILER ATTESTATION**

In accordance with Civil Local Rule 5-1(h)(3), I hereby certify that I have authorization to file this document from the signatories above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on this 7th day of June, 2024 at Knoxville, Tennessee.

                                         _/s/ Joseph R. Oliveri_
                                         Joseph R. Oliveri